FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY B., O/B/O C.A.C.., a minor child,<br><br>       Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | NO: 1:19-CV-3235-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10 and 13. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney D. James Tree. The defendant is represented by Special Assistant United States Attorney Sarah E. Moum. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Nancy B.[1] protectively filed for supplemental security income on behalf of Plaintiff C.A.C., a minor, on May 11, 2011. Tr. 256-62. On November 30, 2011, Plaintiff was found to be disabled as of May 11, 2011. Tr. 228-30. On June 8, 2015, the Commissioner conducted a continuing disability review and determined that Plaintiff was no longer disabled and was therefore no longer eligible for supplemental security income as of June 1, 2015. Tr. 122-25. Plaintiff requested reconsideration on June 18, 2015. Tr. 126. On August 27, 2015, a state agency disability officer held a hearing, and on September 18, 2015, the hearing officer upheld the determination. Tr. 139-43. Plaintiff filed a written request for a hearing, and appeared before an administrative law judge ("ALJ") on May 19, 2017, and July 9, 2018. Tr. 44-100. Plaintiff was represented by counsel and testified at one of the hearings. *Id*. On July 31, 2018, the ALJ issued a decision concluding that Plaintiff's medical impairments had improved, and her disability ended as of June 1, 2015. Tr. 18-43. The Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g).

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's mother's first name and last initial, and, subsequently, will refer to the claimant as "Plaintiff" throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 15 years old and "going in to tenth grade" at the time of the second hearing, and she attends online school. Tr. 60, 67. Plaintiff's mother testified that she does "packets" of work at home, and then takes her work in to show teachers once a week. Tr. 61-63. She lives with her mother. Tr. 64-65. Plaintiff testified that she was bullied in middle school, so she "stays away from" other students and attends online high school. Tr. 68-69. She does not have friends, and is afraid to try to make new friends. Tr. 70-71. Plaintiff testified that she needs help taking a shower and does not cook on her own, but she takes care of her dogs, cats, and hamsters. Tr. 69-70, 72-73. She reports online grades as high as 97% and as low as 70%. Tr. 67-68.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159

(quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## SEQUENTIAL EVALUATION PROCESS

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Act requires the Commissioner to review a disabled child's continued

eligibility for benefits at least once every three years. *See* 42 U.S.C. § 1382c(a)(3)(H)(ii)(I). The Commissioner has established a three-step medical improvement sequential evaluation process for determining whether a child continues to be disabled within the meaning of the Act. 20 C.F.R. § 416.994a(b).

At step one, the ALJ must determine whether there has been medical improvement in the impairments that were present at the time of the most recent favorable determination or decision finding the child disabled (the most recent favorable determination is called the "comparison point decision" or "CPD," and the impairments that were present at the CPD are called the "CPD impairments"). 20 C.F.R. § 416.994a(b)(1); SSR 05-03p. Medical improvement is any decrease in medical severity, except for minor changes. 20 C.F.R. § 416.994a(c). It must be based on changes in the symptoms, signs, or laboratory findings associated with the impairments. 20 C.F.R. § 416.994a(c). If there has been no medical improvement, the child is still disabled, unless one of the exceptions to medical improvement applies. 20 C.F.R. § 416.994a(b)(1). If there has been medical improvement, the inquiry proceeds to step two.

At step two, the ALJ considers whether the CPD impairments still meet or medically or functionally equal the severity of the listed impairments that they met or equaled at the time of the CPD. *See* 20 C.F.R. § 416.994a(b)(2); SSR 05-03p. If the impairments still meet or medically or functionally equal the listings, the child is still disabled, unless one of the exceptions to medical improvement applies.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

20 C.F.R. § 416.994a(b)(2). If they do not, the inquiry proceeds to step three. 20 C.F.R. § 416.994a(b)(2).

At step three, the ALJ considers whether the child is currently disabled considering all current impairments, including those the child did not have at the time of the CPD and those that the Commissioner did not consider at that time. 20 C.F.R. § 416.994a(b)(3). This first involves determining whether the child's new or unconsidered impairments are "severe," meaning more than slight abnormalities that cause no more than minimal functional limitations. 20 C.F.R. § 416.994a(b)(3)(i); 20 C.F.R. § 416.924(c). If they are severe, the question is whether they meet or medically equal the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *See* 20 C.F.R. § 416.994a(b)(3)(ii). If they do, the child's disability continues. 20 C.F.R. § 416.994a(b)(3)(ii). If not, the question is whether they functionally equal the listings. 20 C.F.R. § 416.994a(b)(3)(iii). If they do, the child's disability continues. 20 C.F.R. § 416.994a(b)(3)(iii). If not, the child's disability has ended. 20 C.F.R. § 416.994a(b)(3)(iii).

The determination of whether a child's impairment functionally equals the listings requires an assessment of the child's functioning in six broad areas of functioning, called "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

    (1) Acquiring and using information:

    (2) Attending and completing tasks;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

  (3) Interacting and relating with others;

  (4) Moving about and manipulating objects;

  (5) Caring for one's self; and

  (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).  A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitation in two domains, or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).  An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i).  By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).

### ALJ'S FINDINGS

As an initial matter, the ALJ noted that the most recent favorable decision finding that Plaintiff was disabled is the determination dated November 30, 2011, which is known as the "comparison point decision" or CPD.  Tr. 25.  At the time of the CPD, the Plaintiff had the following medically determinable impairments: learning disorder, depression, post-traumatic stress disorder (PTSD), and anxiety. Tr. 25.  These impairments resulted in the following limitations in the six domains of functioning at the time of the CPD: marked limitations in acquiring and using information, marked limitations in attending and completing tasks, less than

marked limitations in interacting and relating with others, no limitation in moving and manipulating objects, less than marked limitations in caring for herself, and no limitation in health and physical well-being.  Tr. 25.

As to the three-step medical improvement review standard, the ALJ made the following specific findings.  At step one, the ALJ found medical improvement occurred as of June 1, 2015.  Tr. 25.  At step two, the ALJ found that since June 1, 2015, the impairments that Plaintiff had at the time of the CPD have not functionally equaled the listings of impairments.  Tr. 25-29.  Rather, the ALJ found that since June 1, 2015, Plaintiff's impairments that were present as of the CPD have resulted in the following limitations in terms of the six domains of function: less than marked limitations in acquiring and using information, less than marked limitations in attending and completing tasks, marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than marked limitation in the ability to care for herself, and no limitation in health and physical well-being.  Tr. 29-35.  At step three, the ALJ found that Plaintiff did not have an impairment at the CPD that was not considered at that time, and has not developed any additional impairments subsequent to the CPD.  Tr. 35.  Further, the ALJ determined that since June 1, 2015, Plaintiff has not had an impairment or combination of impairments that meets, or medically or functionally equals, one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1.  Tr. 35.  As a

result, the ALJ concluded that Plaintiff's disability ended as of June 1, 2015, and Plaintiff has not become disabled again since that date. Tr. 35.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ erred at step three;
3. Whether the ALJ properly weighed the lay witness evidence; and
4. Whether the ALJ erred in finding that Plaintiff's impairments were not functionally equivalent to a listed impairment.

ECF No. 10 at 3-20.

## DISCUSSION

**A. Medical Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a

reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted). Plaintiff argues the ALJ erroneously considered the opinion of testifying medical expert Clyde M. Rasmussen, M.D., and the reviewing opinions of Jerry Gardner, M.D. and Leslie Postovoit, M.D.[2] ECF No. 10 at 8-13. 15-16.

---

[2] Plaintiff argues that the ALJ erred in giving "great weight" to the non-examining reviewing opinions of Drs. Gardner and Postovoit. ECF No. 10 at 16-17; Tr. 107-10, 611-16. In large part, Plaintiff argues that it was harmful error for the ALJ to give greater weight to the state agency consultants as opposed to Dr. Rasmussen who reviewed the entire record, listened to testimony, and was available for cross-examination at the hearing. ECF No. 10 at 17. In light of the need to remand for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Dr. Rasmussen testified as medical expert at the July 2018 hearing.[3]  Tr. 76-95.  He initially opined that Plaintiff did not meet the criteria for listings 112.00, 112.04, 112.05, or 112.06.  Tr. 79.  However, upon further questioning by Plaintiff's attorney at the hearing, Dr. Rasmussen revised his previous opinion and testified that Plaintiff did meet listing 112.06 for anxiety.  Tr. 93-95.  The ALJ gave little weight to Dr. Rasmussen's opinion because

> the change in Dr. Rasmussen's opinion was in response to the representative reading one page of an exhibit from a treatment note in September 2017.  This particular treatment note[] showed that [Plaintiff] reported extreme anxiety related to returning to school.  However, [Plaintiff's] testimony and subsequent records show that she only attended for a brief period of time before enrolling in online classes where she has done very well.  Accordingly, the change in Dr. Rasmussen's opinion appears to be heavily based on the exacerbation of [Plaintiff's] anxiety during a very brief period of time, that is not representative of her functioning during most of the period at issue.  Records both before and after this time document improvement in

---

further expert testimony, as discussed herein, the Court directs the ALJ to reconsider this non-examining medical opinion evidence, along with all relevant medical evidence, on remand.

[3] Dr. Rasmussen additionally found that Plaintiff had less than marked or no limitations in each of the six functional domains.  Tr. 79-85.  However, the ALJ did not consider this portion of Dr. Rasmussen's opinion in the decision, nor did the Plaintiff identify or challenge these findings in her opening brief.  Tr. 28; ECF No. 10 at 8-13.  Thus, the Court declines to address these findings.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

> [Plaintiff's] functioning and do not support the degree of limitation opined by Dr. Rasmussen during the hearing.

Tr. 28.

As an initial matter, the Court notes that the ALJ rejects Dr. Rasmussen's opinion in part because it "changed" in response to "the representative reading one page of an exhibit from a treatment note in September 2017." Tr. 28. The ALJ is correct that Plaintiff's counsel asked Dr. Rasmussen whether he had reviewed a letter from Plaintiff's treating psychiatrist, Dr. Jena S. Worley, indicating that Plaintiff had previously struggled with anxiety and depression, "but the recent start of school has triggered her anxiety to extreme levels," including crying spells where she could not calm down, inability to sleep, inability to stay in class, and refusal to get out of the car at school. Tr. 841. Dr. Worley further noted that Plaintiff's "anxiety is triggered when she is around a lot of people," and she recommended online school "as an alternative plan due to [Plaintiff's] disabilities." Tr. 841. However, the Court's review of Dr. Rasmussen's testimony indicates that he considered evidence in addition to Dr. Worley's letter, including evaluations from Plaintiff's teachers indicating marked difficulties interacting and relating to others, a letter from another treating mental health professional also indicating that Plaintiff was receiving treatment for anxiety, and the testimony of Plaintiff and her mother. Tr. 86-95. Dr. Rasmussen also noted earlier in his testimony that anxiety was "still a big issue" for Plaintiff and "has been a major problem." Tr. 82-83.

1   Thus, the ALJ's finding that Dr. Rasmussen "changed" his opinion as to whether

2   Plaintiff met the listing for anxiety based solely on this the September 2017 letter

3   is not supported by the record.

4       In addition, the ALJ found that Dr. Rasmussen's opinion "appears to be

5   heavily based on the exacerbation of [Plaintiff's] anxiety during a very brief period

6   of time, that is not representative of her functioning during most of the period at

7   issue." Tr. 28. The ALJ may discredit a physician's opinion that is unsupported

8   by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc.*

9   *Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). In support of this finding, the

10  ALJ generally references, without any citation to the record, "[r]ecords both before

11  and after this time [that] document improvement in [Plaintiff's] functioning and do

12  not support the degree of limitation opined by Dr. Rasmussen during the hearing."

13  Tr. 28. However, as noted by Plaintiff, when explaining his reasons for rejecting

14  medical opinion evidence, the ALJ must do more than state a conclusion; rather,

15  the ALJ must "set forth his own interpretations and explain why they, rather than

16  the doctors,' are correct." ECF No. 10 at 9 (citing *Reddick v. Chater*, 157 F.3d

17  715, 725 (9th Cir. 1998)). "This can be done by setting out a detailed and thorough

18  summary of the facts and conflicting clinical evidence, stating his interpretation

19  thereof, and making findings." *Id*.

20      Here, the ALJ failed to summarize the entirety of Dr. Rasmussen's

21  testimony and conflicting clinical evidence, including the statements by Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

treating psychiatrist in September 2017, nor did the ALJ explain why his interpretation, as opposed to Dr. Rasmussen's, was correct.  As noted by Plaintiff, the longitudinal record included evidence, from before and after the September 2017 letter cited by the ALJ, indicating that Plaintiff was receiving ongoing treatment for anxiety and depression, was taking medication for anxiety and depression, had sleep issues, got frustrated easily, had "meltdowns," was not well groomed, had fair or decreased judgment and insight, had mixed affect, was thinking of cutting herself, and was isolating and avoidant.  ECF No. 10 at 10-12 (citing Tr. 633-35, 704, 708, 714, 718, 732-34, 754-57, 768-70, 1111-12, 1164-66, 1183-85, 1195-99).  Defendant contends that "the entirety of the ALJ's decision provides context for the ALJ's conclusion," and cites evidence that Plaintiff had friends and a boyfriend at certain points in the record, previously attended school, made friends at a summer camp where she reported having "two mentors," injured herself at a roller skating rink on one occasion, reported living with a family friend, and reported periods of improvement.  ECF No. 13 at 8-10, 27-28, 713, 728, 740, 749-52, 765, 1037.  However, regardless of evidence that Plaintiff reported instances of improvement over the course of the adjudicatory period, the ALJ's conclusory rejection of Dr. Rasmussen's opinion because it was based solely on "exacerbation" of Plaintiff's anxiety "during a brief period of time" is not specific, legitimate, and supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

On remand, the ALJ is directed to take additional testimony from a medical expert, and as discussed in detail below, the ALJ is specifically directed to reconsider whether Plaintiff meets a listing at step three in light of the ALJ's error in considering Dr. Rasmussen's testimony regarding this precise issue.

**B. Listing 112.06**

As part of the step three analysis, the ALJ must determine if Plaintiff's impairments meets or equals a listed impairment. 20 C.F.R. § 416.994a(b)(3)(ii). The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 416.925. To meet a listed impairment, a claimant must establish that she meets each characteristic of a listed impairment relevant to her claim. 20 C.F.R. § 416.925(d). If a claimant meets the listed criteria for disability she will be found to be disabled. 20 C.F.R. § 416.925(a)(4)(iii). The claimant bears the burden of establishing that she meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, the ALJ generally found that since June 1, 2015, Plaintiff has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments. Tr. 35. Plaintiff argues that the ALJ erred by failing to appropriately assess whether Plaintiff met or equaled the listings, particularly in light of Dr. Rasmussen's testimony that Plaintiff met listing 112.06 due to her

1  anxiety.  ECF No. 10 at 3-4.  The Court agrees.  It is widely held in the Ninth

2  Circuit that "[a]n ALJ must evaluate the relevant evidence before concluding that a

3  claimant's impairments do not meet or equal a listed impairment.  A boilerplate

4  finding is insufficient to support a conclusion that a claimant's impairment does

5  not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  Defendant argues

6  that the "ALJ adequately summarized and evaluated the evidence throughout the

7  decision, and thus any error in articulation was harmless."[4]  ECF No. 13 at 6

8  (citing *Lewis*, 236 F.3d at 512).  However, as noted by Plaintiff, in this case the

---

[4] Defendant argues that the elements recited by Dr. Rasmussen when considering listing 112.06 "became ineffective as of January 17, 2017," and "[a]ccordingly, Dr. Rasmussen's testimony does not establish that Plaintiff met a Listing, because Dr. Rasmussen did not discuss the effective Listing, which contains different criteria." ECF No. 13 at 5.  However, as noted by Plaintiff the Court is not permitted to consider this reasoning as it was not offered by the ALJ in the decision.  ECF No. 14 at 2; *Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").  Moreover, as discussed *supra*, the ALJ erred in rejecting Dr. Rasmussen's opinion and additional medical expert testimony must be taken on remand.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

ALJ "offered zero explanation, did not name a single Listing or its criteria, or discuss any related evidence." ECF No. 14 at 1. Thus, the ALJ erred at step three because the ALJ's boilerplate finding was insufficient to determine whether Plaintiff met Listing 112.06. Moreover, because the step three finding in this case is dependent on the ALJ's proper evaluation of the relevant medical evidence, including the medical opinion evidence, the ALJ's improper rejection of Dr. Rasmussen's expert testimony that Plaintiff's anxiety met Listing 112.06 necessitates reconsideration of the step three finding on remand.

**C. Additional Assignments of Error**

Plaintiff also challenges the ALJ's consideration of the testimony of Plaintiff's mother; the weight given to evaluations by Plaintiff's teachers Lindsey Keesling, Emily Frazier, and Tina Gaspar; and the finding that Plaintiff's impairments functionally meet or equal the listings according to the six domains. ECF No. 10 at 13-20. Because the three-step evaluation process to determine whether Plaintiff has medically improved is dependent on the ALJ's proper evaluation of the relevant medical evidence, including the medical opinion testimony, and because the ALJ's reconsideration of the step-three findings may be dispositive with regard to consideration of whether Plaintiff functionally meets the listings, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the relevant medical evidence, including additional testimony from a medical expert.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

# REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and

resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reconsider the relevant medical opinion evidence, and take additional testimony from a medical expert. In addition, the ALJ should reconsider the entire three-step sequential analysis. If necessary, the ALJ should order additional consultative examinations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgement shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** November 13, 2020.

                                        *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                      United States District Judge